J-A08030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| J.F.D. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| M.A.D. | : | No. 3200 EDA 2017 | |

Appeal from the Order August 31, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2007-26322

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                                    **FILED JUNE 13, 2018**

J.F.D. (Father) appeals, *pro se*, from the order, entered in the Court of
Common Pleas of Montgomery County, granting M.A.D. (Mother) primary
physical custody and sole legal custody of the parties' two minor daughters,
ages ten and twelve.[1]  We affirm.

The parties were married in 2005; they separated shortly after and
Father filed a custody complaint before the birth of their younger child.  As

_____

[1] The order, dated August 31, 2017, provided that: Mother shall have sole
legal custody of the children; the parties shall not attend any medical
appointment at the same time; the parties shall not attend any school
functions at the same time under any circumstance; the parties shall not
attend extra-curricular activities (i.e. cheerleading, gymnastics, swimming,
theater, soccer, etc.) at the same time under any circumstance; Mother shall
have primary physical custody of the two minor children; Father shall enroll
in an anger management course; and, all prior custody orders entered
between the parties are vacated.  Order, 8/31/17. We note Mother has not
filed an appellee's brief.

_____

*   Retired Senior Judge assigned to the Superior Court.

the trial court states, the parties have been extremely litigious over the past ten years, the court noting that there have been "no less than ten Protection From Abuse [PFA] proceedings involving the parties during the past ten years (with Father being the filing party in four of the five most recent ones)." Trial Court Opinion, 12/8/17, at 2.

In August 2011, following custody conciliation, the parties agreed to a shared custody schedule with primary custody in Mother, and a limited custody schedule for Father. The court entered the parties' stipulation. Father's custody was eventually expanded to a 50/50 schedule. In April 2012, Mother filed a motion to modify custody, seeking to reduce Father's custody time or, alternatively, restructure the schedule so the children would not be away from one parent for almost an entire week. Thereafter, in July 2012, the parties were ordered to participate in a custody evaluation, and the court held a three-day protracted hearing. On November 12, 2013, the final day of the hearing, the court entered an order, on the record, affirming the 50/50 schedule. Thereafter, on December 26, 2013, the court entered an additional order, this one pertaining to holiday and vacation custody; the order was incorporated into the November 12, 2013 order.

On April 15, 2015, Father filed a contempt petition. The court, following a telephone conference, directed the parties to attend co-parenting counseling. A hearing was held in May 2016 on Father's contempt petition. During that hearing, the parties entered into an agreed order. Thereafter, the parties filed cross-motions for modification, and on January 9, 2017, the court

entered an interim order directing the parties to enroll the children in therapy. Following several more petitions for contempt and a protracted hearing, which included over 20 hours of testimony and *in camera* interviews of both children, the court stated it would keep the record open until it received the children's therapist's report.

On August 31, 2017, the court entered a fifteen-page custody order, as well as findings of fact and an analysis of the statutory factors pursuant to 23 Pa.C.S.A. § 5328. Father appealed, and the court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Father complied with the court's order on October 23, 2017.

Father raises twelve issues on appeal:

1. Did the trial court abuse its discretion by entering an order that failed to consider the reasonable concerns and requests of the children?

2. Did the trial court abuse its discretion by entering an order that failed to consider the hundreds of documented custody order violations committed by Mother, for which the court established a May 31, 2016 agreement petition for contempt against Mother?

3. Did the trial court abuse its discretion by entering an order that failed to consider the dozens of documented custody order violations by Mother after the May 31, 2016 agreement petition for contempt?

4. Did the Trial Court abuse its discretion by entering an order which failed to honor and uphold the May 31, 2016 Agreement Petition for Contempt?

5. Did the trial court abuse its discretion by entering an order based in part on communications from third-party professionals notwithstanding evidence that runs contrary to those communications?

6. Did the trial court abuse its discretion by entering an order that failed to allow Father to complete his testimony, cross-examination [and] rebuttal?

7. Did the trial court abuse its discretion by entering an order that failed to conclude that Mother's continued substance abuse issues raised by the children, as well as by the police and other third parties, presents a genuine risk to the children's safety?

8. Did the trial court abuse its discretion by entering an order that failed to conclude that the evidence presented demonstrates Father's consistent willingness to follow, and adherence of, the custody order, including the "Custody-General Rules of Conduct" and "Joint Legal Custody?"

9. Did the trial court abuse its discretion by entering an order that failed to conclude that the evidence presented shows the Mother's consistent refusal to follow the Custody Order, including the 'Custody – General Rules of Conduct' and 'Joint Legal Custody'?

10. Did the Trial Court abuse its discretion by entering an Order which failed to conclude that the evidence presented demonstrates Father's ongoing attempts to co-parent and Mother's ongoing refusal to co -parent?

11. Did the Trial Court abuse its discretion by entering an Order which failed to conclude that the evidence presented shows the Mother's actions, not the Father's, amount to systematic parent alienation?

12. Did the trial court abuse its discretion by entering an order based in part on *ex parte* communications from and on behalf of Mother?

Appellant's Brief, at 9-13.

In any custody case decided under the Custody Act, 23 Pa.C.S.A. §§ 5321 *et seq.*, the paramount concern is the best interests of the child. **See** 23 Pa. C.S.A. §§ 5328, 5338. Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests

of the child. 23 Pa.C.S.A. § 5338; *see also E.D. v. M.P.*, 33 A.3d 73, 80–81

n.2 (Pa. Super. 2011). Section 5328(a) sets forth a list of statutory factors[2]

_____

[2] § 5328. Factors to consider when awarding custody

   (a)    Factors.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

       (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

       (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

       (2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

       (3) The parental duties performed by each party on behalf of the child.

       (4) The need for stability and continuity in the child's education, family life and community life.

       (5) The availability of extended family.

       (6) The child's sibling relationships.

       (7) The well-reasoned preference of the child, based on the child's maturity and judgment.

       (8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

that the trial court must consider when making a "best interest of the child"

analysis under the statute.

Our scope and standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial

_____

> (9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.
>
> (10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.
>
> (11) The proximity of the residences of the parties.
>
> (12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.
>
> (13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.
>
> (14) The history of drug or alcohol abuse of a party or member of a party's household.
>
> (15) The mental and physical condition of a party or member of a party's household.
>
> (16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F., III v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

*See also E.R. v. J.N.B.*, 129 A.3d 521, 527 (Pa. Super. 2015). This Court has held that

the discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting *Jackson v. Beck*, 858 A.2d 1250, 1254 (Pa. Super. 2004)). Further, on issues of credibility and weight, we defer to the trial court, which has had the opportunity to observe the proceedings and demeanor of the witnesses. *R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009).

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*Id.* (internal citations omitted).

At the core of this custody case is the palpable acrimony between the parties, the trial court's serious concerns that Father is attempting to alienate

the minor children from Mother and the resulting emotional harm to the children. It is clear both parents love their children and provide well for them; however, failure to consider how "high conflict" and the inability to co-parent impacts the children is not only short-sighted, but incomprehensible to this Court. As the trial court notes, the fact that the parties cannot maintain a minimum level of cooperation weighs against a shared custody arrangement. *See* Findings of Fact, *supra* at 7 n.5, citing *Yates v. Yates*, 963 A.2d 535, 542 (Pa. Super. 2008). The court noted that Paul Bukovec, Director and Clinical Supervisor of Menergy, reported that Father had acknowledged being "domineering, entitled, argumentative, contemptuous, loud, critical, ridiculing, and belittling," and, the court noted, after 19 co-parenting sessions, "[l]ittle has changed[.]" Findings of Fact, *supra* at 12. Father has been described by Dr. Gerald Bellettirie, a psychologist of 36 years who was assigned as the co-parenting specialist, as "extremely controlling and arrogant," *id*. at 16, 19, and exhibiting a serious lack of empathy. *Id.* at 16. Dr. Gerald Cooke, Ph.D., who performed the parties' custody evaluation, provided a detailed clinical observation of "narcissistic behavior and a sense of entitlement on the part of Father." *Id.* at 20.[3] Father belittles Mother, attempts to "program" the children's therapy sessions, and believes he knows

---

[3] In his report, Dr. Bellettirie stated that illustrative of Father's attitude is his statement that "Judge Tolliver is an idiot, Dr. Cooke is incompetent, Laurent Potts is incompetent and Judge Clifford makes knee-jerk reactions." Report of Dr. Bellettirie, 10/10/16, at 5. Notably, Dr. Bellettirie asked to be relieved of this assignment.

better than the professionals and judicial officials. With this backdrop, the court's concerns that Father's pattern of conduct is symptomatic of parental alienation is not without basis.

After our review of Father's brief on appeal, the record and the relevant law, we conclude that Father's claims are meritless. The Honorable Daniel J. Clifford's opinion and findings of fact provide a careful and detailed examination of the evidence and a comprehensive analysis of each of the section 5328(a) custody factors and each of Father's claims on appeal. *See* Findings of Fact, 8/31/17, at 1-22, and Trial Court Opinion, 12/8/17, at 8-30. We find no abuse of discretion or error in the trial court's findings of fact and custody analysis, and, therefore, we affirm the court's order based on Judge Clifford's opinion. *Ketterer*, *supra*. We direct the parties to attach a copy of Judge Clifford's opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/18